IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **DANIEL NEGRON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25cv476 |
| | ) | **Electronic Filing** |
| **WESTLAKE SERVICES, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |


### <u>MEMORANUDUM OPINION</u>


Plaintiff commenced this action seeking redress for alleged violations of the Fair Debt Collection Practices Act, the Fair Credit Extension Uniformity Act, and the Unfair Trade Practices and Consumer Protection Law.  Presently before the court is defendant's motion to stay and compel arbitration.  For the reasons set forth below, the motion will be granted.

Whether a dispute must be submitted to arbitration "is a matter of contract between the parties" and "a judicial mandate to arbitrate must be predicated upon the parties' consent." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013) (quoting Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980)). Enforcement of such contractual agreements is authorized by the FAA, provided the court is "satisfied that the making of the agreement for arbitration . . . is not in issue." Id. at § 4.  To determine whether a party may be compelled to arbitrate under the FAA, courts must "first consider (1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." Flintkote Co. v. Aviva PLC, 769 F.3d 215, 220 (3d Cir. 2014).

Plaintiff's contention that any agreement to arbitrate was extinguished by defendant previously filing a civil complaint on the underlying contract in Philadelphia Municipal Court at

docket SC-09-24-4585 and suffering an adverse judgment is misplaced.  First, the federal "severability rule" requires a court to treat a provision or agreement to settle a controversy by arbitration as severable from the contract or series of contractual instruments in which it is contained.  This "doctrine" recognizes "that an arbitration clause is 'severable' and independently enforceable from the rest of the contract in which it is contained."  MZM Construction Co., Inc. v. New Jersey Building Laborers Statewide Benefit Funds, 974 F.3d 386, 397 (3d Cir. 2020) (citing Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 104 (3d Cir. 2000) and Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 406 (1967)).  "Under this severability rule, a party cannot avoid arbitration by attacking the contract containing the arbitration clause as a whole (the "container contract")."  Id.  Instead, in order to defeat a motion to compel arbitration, the opposing party must mount a specific challenge to "the arbitration clause itself."  Id. (citing Prima Paint, 388 U.S. at 403).

For example, demonstrating fraud in the inducement of the arbitration clause would be sufficient for a court to deny a motion to compel arbitration on the ground that the parties do not have an enforceable agreement to arbitrate.  Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 70-71; MZM Construction, 974 F.3d at 397.  In contrast, an opposing party's challenge based upon fraud in the inducement of the container contract raises a defense that goes to the merits of the dispute and requires the court to submit the challenge to the arbitrator.  MZM Construction, 974 F.3d at 397 ("For instance, a claim of fraud in the inducement of the arbitration clause is for the court to decide, but a claim of fraud in the inducement of the container contract is for the arbitrator.") (citing Prima Paint, 388 U.S. at 403-04).

Here, the record demonstrates that plaintiff purchased a used automobile and the retail installment contract for that purchase was assigned to defendant.  Plaintiff ceased making

2

payments on the loan and defendant repossessed the vehicle.  After selling the vehicle, defendant attempted to collect on the remaining balance of $ 9,857.05.

Defendant filed suit in municipal court to collect the balance due.   Defendant did not have a witness to authenticate certain records, so the Municipal Court entered judgment in plaintiff's favor.  Defendant thereafter negatively reported plaintiff's non-payment of the debt to the credit bureaus.  Plaintiff then filed the instant complaint seeking to establish violations of the Fair Debt Collection Practices Act, the Fair Credit Extension Uniformity Act, and the Unfair Trade Practices and Consumer Protection Law.

The Retail Installment Contract contained an arbitration clause that provides: "either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial."  Arbitration Provision, Doc. No. 4-3 at p. 17.  It applies to "any claim or dispute, whether in contract, tort, statute . . . between you and us . . . which arises out of or relates to your . . . purchase of this vehicle . . . this contract or any resulting transaction or relationship . . . ."  Id. Plaintiff acknowledged the terms of the contract, and more specifically the terms of the arbitration agreement, and received a copy of it before he signed the contract.  Id.

Under MZM Construction and Prima Paint, the arbitration clause is severable from the contract in which it is contained.  Plaintiff's attempt to establish that the arbitration provision is not enforceable emanates from a defense to the instrument as a whole and not to a specific challenge to the arbitration provision itself.  Consequently, the defense plaintiff seeks to raise does not bar enforcement of the arbitration provision and it may be enforced provided the dispute falls within its scope.

The current dispute falls within the scope of the agreement.  Plaintiff baldly asserts his statutory debt collection and credit reporting claims do not arise out of any relationship created from a contract, but instead arise from fraudulent actions taken by defendant after any such

3

relationship ended.  But the very nature of plaintiff's claims – that defendant's actions were in violation of various statutory protections because any contractual ability to collect on the debt had been extinguished – makes crystal clear that the current dispute arises from a "transaction or relationship" resulting from the purchase of the vehicle and its accompanying retail installment sales contract.

Finally, plaintiff's attempt to displace the arbitration provision based on the doctrine of waiver is inconsistent with the parties' agreement and wide of the mark.  First, as the Supreme Court recently explained: "the FAA's policy favoring arbitration does not authorize federal courts to invent special, arbitration-preferring procedural rules."  Morgan v. Sundance, Inc., 596 U.S. 411, 418 (2022) (quotation marks omitted).  What it does do is make "arbitration agreements as enforceable as other contracts."  Id.  And it accomplishes this through Section 4 of the FAA, which provides that a party "aggrieved" by the "failure" or "refusal of another to arbitrate under a written agreement for arbitration may petition" the court "for an order directing that such arbitration proceed in the manner provided for in [the] agreement."  9 U.S.C. § 4.

Notwithstanding this strong policy in favor of the right to utilize arbitration, "[t]he contractual right to arbitrate, like any other right, can be waived."  Isabella Pizza, Inc., Tioga-Franklin Savings Bank, 2026 WL 210414, *4 (E.D. Pa. Jan. 26, 2026) (quoting Duong v. Pressler Felt & Warshaw, LLP, 2025 WL 1645625, at *6 (D.N.J. June 10, 2025).  Waiver "is the intentional relinquishment or abandonment of a known right."  Morgan, 596 U.S. at 417 (applying waiver analysis to motion to compel arbitration pursuant to the FAA); Field Intel. Inc v. Xylem Dewatering Sols. Inc., 49 F.4th 351, 359 (3d Cir. 2022) ("A party can waive its ability to arbitrate a claim by litigating it in court.").

Assessing whether the right to arbitrate has been waived focuses "on [the movant's] conduct" and asks whether the movant "knowingly relinquish[ed] the right to arbitrate by acting

4

inconsistently with that right." Valli v. Avis Budget Grp., 162 F.4th 396, 406–07 (3d Cir. 2025) (quoting Morgan, 596 U.S. at 419). The analysis is "case-specific" and "not susceptible to precise line-drawing." Nino v. Jewelry Exch., Inc., 609 F.3d 191, 212 (3d Cir. 2010); see also Valli v. Avis Budget Group, Inc., 162 F.4th 396, 411 (3d Cir. 2025) ("[O]ur analysis is contextual—it must be informed by the circumstances and context of each case, not controlled by bright-line rules.") (quotation marks omitted).

In support of his invocation of waiver, plaintiff focuses exclusively on defendant's filing of the claim in small claims court and does not point to anything defendant has done in the instant case. Plaintiff reasons that by seeking to collect in court on the contractual deficiency following repossession, defendant forever waived its right to utilize the arbitration provision. But such reasoning is belied by the parties' agreement and there is nothing in the current case that indicates defendant knowingly has relinquished its right to pursue arbitration as to this case.

The parties specifically contemplated that they might have a need to initiate proceedings in small claims court. Their agreement provides: "you and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court." Arbitration Provision (Doc. No. 4-3) at p. 17. Of course, defendant did just that when it filed a collection claim in municipal court. Such activity was merely the pursuit of a contractual remedy authorized by the arbitration provision; as such, it cannot be construed as relinquishing a known right or taking action in a manner that was inconsistent with such a right.

Moreover, the parties contemplated the existing circumstances and agreed that seeking a remedy in small claims court would not bar subsequent enforcement of the arbitration provision. Their agreement provides: "Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a

5

deficiency balance, or for individual injunctive relief." Id.  In other words, the parties agreed at the time of contracting that filing suit in small claims court to collect a deficiency balance would not be a waiver of the right to invoke the arbitration provision.

It follows that defendant's attempt to recover a deficiency balance by filing the action in the Municipal Court of Philadelphia cannot be construed as a waiver of the right to arbitrate. And plaintiff has not identified any action by defendant in this case which can be viewed as inconsistent with the right to compel arbitration.  Consequently, defendant has not waived its right to have the current dispute resolved by arbitration.

For the reasons set forth above, defendant's motion to stay and compel arbitration will be granted.  Appropriate orders will follow.

Date: March 23, 2026

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Brendan Keith Petrick, Esquire
Garret Andrew Hampton, Esquire
Patrick W. Carothers, Esquire
Robert W. Cameron, Esquire
Terrina G. LaVallee, Esquire

(*Via CM/ECF Electronic Mail*)

6